**Satrio YUDO, Petitioner,**

v.

**Alberto R. GONZALES, Attorney General, Respondent.**

No. 06–1481–ag.

United States Court of Appeals, Second Circuit.

Nov. 2, 2006.

Marialarrie Alinsunurin, New York, NY, for Petitioner.

Troy A. Eid, United States Attorney for the District of Colorado, Lisa A. Christian, Assistant United States Attorney, Denver, CO, for Respondent.

Present: GUIDO CALABRESI, ROBERT A. KATZMANN and PETER W. HALL, Circuit Judges.

### SUMMARY ORDER

Petitioner Satrio Yudo, a citizen of Indonesia, seeks review of a March 1, 2006 order of the BIA affirming the October 15, 2004 decision of Immigration Judge ("IJ") William Van Wyck denying his application for asylum, withholding of removal and relief under Article 3 of the Convention Against Torture ("CAT"). *In re Satrio Yudo,* No. A97 149 872 (B.I.A. Mar. 1, 2006), *aff'g* No. A97 149 872 (Immig. Ct. N.Y. City Oct. 15, 2004). We assume the parties' familiarity with the underlying facts and procedural history of the case.

While Title 8, Section 1158(a)(3) of the United States Code provides that no court shall have jurisdiction to review the agency's finding that an asylum application was untimely under 8 U.S.C. § 1158(a)(2)(B), or its finding of neither changed nor extraordinary circumstances excusing the untimeliness under 8 U.S.C. § 1158(a)(2)(D), we retain jurisdiction to review constitutional claims. Here, we reject Yudo's assertion that the plain language of section 1158(a)(2)(B) undermines congressional intent because that same language was necessarily approved by Congress when it passed the provision into law. We further reject Yudo's argument that this statute of limitations violates his right to due process or equal protection under the law.

Furthermore, we agree that Yudo did not suffer sufficiently severe abuse to constitute persecution, where he was detained for a short time, threatened and harassed, but not otherwise mistreated. We note

that Yudo offers only conclusory assertions that he qualifies for withholding of removal, and fails to show how the IJ erred in denying him that relief. Finally, we agree that Yudo does not qualify for CAT relief where (1) his reliance on the State Department's Report on International Religious Freedom is misplaced because he fails to point to any part of the report that discusses the torture of Catholics in Indonesia and (2) he never testified that he had any fear of being tortured if he were returned to his country.

For the foregoing reasons the petition for review is DENIED. Having completed our review, the pending motion for a stay of removal in this petition is DENIED. Any pending request for oral arguments in this case is DENIED in accordance with Federal Rule of Appellate Procedure 34(a)(2), Second Circuit Local Rule 34(d)(1).